UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CAROLYN NEW HOLY, STEPHANIE STAR COMES OUT and SANDRA FIRE LIGHTNING,<br><br>          Plaintiffs,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, DANIELLE MCQUILLEN, Deputy Regional Director-Indian Services, Great Plains Regional Office, and JOHN M. LONG, Superintendent, Pine Ridge Agency,<br><br>          Defendants.[1] | CIV. 19-5066-JLV<br><br>ORDER |

      Plaintiffs are citizens of the Oglala Sioux Tribe ("OST") and members of a task force convened to draft recommended changes to the OST Constitution. (Docket 1 at p. 1). Changes to the OST Constitution must be ratified in a tribal election conducted by the Secretary of the Interior. 25 U.S.C. § 5123(a)(1). The Secretary will only conduct an election upon petition of tribal citizens where the petitioners have gathered the signatures of 1/3 of the qualified tribal voters within a year. OST Constitution Art. XI; 25 C.F.R. §§ 81.57(a)(2)(i), 81.58. This

---

[1]Plaintiffs' complaint names Danielle Daughtery as a defendant. (Docket 1 at ¶ 8). Her name is now Danielle McQuillen. (Dockets 9 at p. 1 n.1 & 15). John Long is also a defendant. (Docket 1 at ¶ 7). Mr. Long is now the Superintendent of the Pine Ridge Agency of the Bureau of Indian Affairs, not the Acting Superintendent. (Docket 10 at ¶¶ 2-3). Future pleadings in this case shall use this caption and the Clerk of Court shall update the docket to match.

action challenges the alleged failure of defendants to extend the one year deadline by six months.  (Docket 1 at ¶¶ 37-46).

The court ordered the parties to conduct a conference under Federal Rule of Civil Procedure 26(f) by April 3, 2020, and file a discovery report within 14 days of the conference.  (Docket 7).  However, defendants filed a motion to dismiss the complaint and a motion to stay discovery.  (Dockets 8 & 12). Defendants assert plaintiffs are seeking improper and burdensome discovery. (Dockets 12 at p. 3 & 19 at pp. 2-3).  Defendants filed plaintiffs' April 8 requests for production, which seek, among other things, all documents intended for use at any proceeding in this action, all statements made by anyone having knowledge of the facts alleged in the complaint, and all documents relating to the requested secretarial election or OST constitutional reform.  (Docket 20-1 at pp. 4-5).  Plaintiffs also sought to depose defendants Long and McQuillen. (Docket 14 at ¶ 6).  Plaintiffs characterize their discovery requests as "very limited" and "directed to address the issues raised" in the motion to dismiss. (Docket 18 at p. 3).  They assert they need discovery to determine whether they asked defendants for an extension of the petition deadline before filing suit.  Id. at p. 2.

District courts have wide discretion in controlling discovery.  See Vallejo v. Amgen, Inc., 903 F.3d 733, 742 (8th Cir. 2018).  In particular, the court may stay discovery pending the outcome of a dispositive, jurisdictional motion. Federal Practice & Procedure § 2040 (3d ed. Apr. 2020 update).  However, a party may be entitled to jurisdictional discovery in the face of a motion to dismiss

because "jurisdictional requirements rest on facts that can be disputed." Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963, 964-65 (8th Cir. 2016).

The court finds no jurisdictional discovery is necessary and grants defendants' motion to stay.  In their motion to dismiss, defendants primarily argue the Administrative Procedure Act ("APA") does not permit plaintiffs' suit because the decision to extend the deadline to submit signatures is "committed to agency discretion by law."  (Docket 9 at pp. 6-9) (citing 5 U.S.C. § 701(a)(2)). Resolving this question will not turn on whether plaintiffs asked for an extension.[2]  Instead, the court will have to consider the reviewability of defendants' administrative discretion (or lack thereof).  Based on the present record, the court does not foresee questions of fact impacting its resolution of the motion to dismiss.

Moreover, the court is troubled by plaintiffs' attempts to obtain wide-reaching discovery in a case challenging an administrative action without prior court authorization.  "It is well-established that judicial review under the APA is limited to the administrative record that was before the agency when it made its decision."  Voyageurs Nat. Park Ass'n. v. Norton, 381 F.3d 759, 766 (8th Cir. 2004).  In particular, "[i]nquiry into the mental processes of administrative decisionmakers is to be avoided unless it is the only way there can be effective judicial review."  Id. (internal quotations omitted).  Plaintiffs' discovery requests were unsuitably broad.

---

[2]In any event, plaintiffs are presumably familiar with whether they or their task force asked defendants for an extension.  They are free to attest to their remembrances and may file supporting documentation

Plaintiffs assert their complaint raises non-APA claims.  (Docket 18 at p. 1).  The court finds this dubious.  The gravamen of the complaint is clearly that defendants harmed plaintiffs by failing to extend the deadline to submit the petition signatures.  Attacks on agency action are generally cognizable only through the APA, unless some other statute provides subject matter jurisdiction, and the complaint identifies only the APA as a viable source of jurisdiction.[3] (Docket 1 at ¶ 11).  Plaintiffs' first and second counts explicitly challenge agency action or regulation.  (Docket 1 at ¶¶ 37-44).

However, in their third count, plaintiffs allege defendants breached the federal trust responsibility to tribal nations.  (Docket 1 at ¶¶ 45-46).  Breach of trust actions arguably invoke federal question jurisdiction.  See Rosebud Sioux Tribe v. United States, 3:16-CV-03038, 2017 WL 1214418 at *7 n.5 (D.S.D. March 31, 2017) (collecting district court cases for this proposition).  But plaintiffs did not identify any particular item of discovery they need to respond to the motion to dismiss as it pertains to their breach of trust claim.  Accordingly, this count does not bar staying discovery pending resolution of the motion to dismiss.

For these reasons, it is

---

[3]Plaintiffs off-handedly allege the court has subject matter jurisdiction because defendants' actions violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (Docket 1 at ¶ 10).  This allegation strikes the court as borderline frivolous.  Plaintiffs are advised to carefully support this allegation in their response to the motion to dismiss or explicitly abandon it.

4

ORDERED that defendants' motion for a stay (Docket 12) is granted. The deadlines set out in the court's order of March 3, 2020 (Docket 7) are stayed pending resolution of the motion to dismiss.

IT IS FURTHER ORDERED that no discovery shall take place unless the court denies the motion to dismiss. If the court denies the motion to dismiss, it will address the need for further discovery.

IT IS FURTHER ORDERED that plaintiffs shall respond to the motion to dismiss on or before **June 5, 2020**. Defendants may file a reply within 14 days of the filing of the response brief.

Dated May 20, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE